U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 31 2017

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES C. GUMM, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-532-A |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motions of plaintiff, Charles C. Gumm, III, for leave to file amended complaint, Doc.[1] 7, and to remand, Doc. 6. Defendant, State Farm Lloyds ("State Farm"), has filed a response and plaintiff has filed a reply. Having reviewed the motions, the response, the reply, the record in the above-captioned action, and applicable authorities, the court concludes that plaintiff's motions should be denied.

I.

Background

On May 26, 2017, plaintiff initiated this action by the filing of an original petition in the 17th Judicial District Court of Tarrant County, Texas. Plaintiff alleged that State Farm's denial of his insurance claim gave rise to sundry state-

---

[1]The "Doc. _" references are to the number of the item on the docket in this action.

1

law causes of action, including breach of contract, fraud/intentional misrepresentation, fraud/concealment or failure to disclose, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act ("DTPA"), bad faith, and late payment of claims, in violation of Chapter 542 of the Texas Insurance Code. Plaintiff alleged $206,000 total in actual damages and sought recovery of "exemplary, statutory, and/or discretionary damages," in addition to costs of court and attorney's fees. Doc. 1, Ex. B.

On June 30, 2017, State Farm filed its notice of removal, bringing the action before this court. State Farm maintains that the court has subject matter jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff was alleged to be a citizen of Texas. State Farm, a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code, was alleged to be a citizen of Illinois. Doc. 1 at 2.

On July 24, 2017, plaintiff filed a motion for leave to file an amended complaint to join Trip Buchwald ("Buchwald") as a defendant. Buchwald is an insurance agent for State Farm. Plaintiff simultaneously filed a motion to remand because both he and Buchwald are citizens of Texas, meaning that the addition of Buchwald to this action would destroy diversity.

II.

Analysis

Section 1447(e) of Title 28 of the United States Code gives the court two options when a plaintiff seeks to join a jurisdiction-destroying defendant after an action has been removed: "[T]he court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). In determining whether to permit post-removal joinder of a jurisdiction-destroying defendant, the court considers (1) the extent to which the purpose of the joinder is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in seeking joinder; (3) whether plaintiff would be significantly injured if joinder is not allowed; and (4) any other factors bearing on the equities. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987); see also Hawthorne Land Co. v. Occidental Chem. Co., 431 F.3d 221, 227 (5th Cir. 2005).

The balance of the Hensgens factors militates against joinder. The first factor cuts against plaintiff. It appears that plaintiff seeks to join Buchwald merely to destroy diversity jurisdiction. Plaintiff sought joinder within a month after State Farm filed its notice of removal. The court is suspicious of plaintiff's purpose in requesting to join Buchwald now. See Rosa v. Aqualine Res., Inc., No. 3:04-CV-0915-B, 2004 WL 2479900, at

*2 (N.D. Tex. Oct. 28, 2004) (citing Holcomb v. Brience, Inc., No. 3:01-CV-1715-M, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001)).

Moreover, the court is not persuaded by plaintiff's purported excuse for waiting until now to join Buchwald. Plaintiff contends that State Farm's April 6, 2017 denial of coverage letter was ambiguous or misleading. The letter gives the following reasons for denial of plaintiff's claim: "The loss occurred after [plaintiff] had an insurable interest in the property. Further, the policy states; assignment of the policy should not be valid unless we give our written consent, no consent was provided. Therefore, we are unable to extend coverage for this loss." Doc. 9 at Ex. 1. Plaintiff contends that he interpreted the letter to mean that State Farm denied coverage solely because plaintiff did not obtain consent for an assignment of rights under the policy and that it was not until July 19, 2017, that plaintiff realized that State Farm's position for denial of coverage was that plaintiff did not have an insurable interest in the property at issue. Anyone who read the letter would have noticed the apparent error in describing plaintiff's insurable interest. That is, a reasonable person would have known that State Farm was contending that plaintiff did not have an insurable interest in the property at the time of the loss. At

4

the very least, the recipient of the letter would have sought clarification. But there is no indication that plaintiff sought clarification from State Farm between receipt of the letter and July 19, 2017.

The second factor favors State Farm as well. Although only two months separate the initiation of the action in state court and plaintiff's filing of the instant motions, there is no reason that plaintiff could not have named Buchwald as a defendant when he originally filed suit. The allegations made in the original petition could only go to the actions of Buchwald, who allegedly sold plaintiff the policy.

As to the third Hensgens factor, plaintiff has not shown that he will be significantly injured if the court denies joinder. With the exception of a claim for breach of fiduciary duty against Buchwald, plaintiff's proposed first amended complaint merely adds Buchwald to many of the same claims asserted against State Farm. There is no indication that State Farm would not be able to fully satisfy any judgment. Anzures v. Prologis Texas I, LLC, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012).

No other factors bear on the equities before the court; the court thus concludes that plaintiff's motions should be denied.

IV.

ORDER

The court ORDERS that plaintiff's motion to file amended complaint be, and is hereby, denied.

The court further ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED August 31, 2017.

_____
JOHN McBRYDE
United States District Judge